39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INDIANA INSURANCE CO., Plaintiff-Appellant,
and
Epsilon Gamma Chapter and Foundation of Delta Tau Delta
Fraternity at Washington State University;
Foundation of Delta Tau Delta Fraternity
at Washington State
University, Plaintiffs,
v.
CIGNA INSURANCE CO., Defendant-Appellee.
 No. 93-35680.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Oct. 31, 1994.
 
 Before: WOOD,* HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Indiana Insurance Company ("Indiana") brought this equitable subrogation suit against CIGNA Insurance Company ("Cigna") following the settlement of the Kuoppamaki lawsuit. The district court determined that Indiana failed to prove causation and granted Cigna's motion to dismiss pursuant to Fed.R.Civ.P. 52(c). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Under Washington law, the district court treated Indiana's bad-faith claim as a tort-based claim. See Safeco Ins. Co. of America v. Butler, 823 P.2d 499, 503 (Wash.1992) (en banc). Under Hartley v. Washington, 698 P.2d 77, 82-84 (Wash.1985), actual cause entails a factual determination. The district court determined that Indiana failed to prove causation. We review the district court's factual determinations for clear error. Fed.R.Civ.P. 52(c) advisory committee's note.
 
 
 4
 Indiana does not argue that the eventual settlement of $1,500,000 was unreasonable, but that a more advantageous settlement for the insurance carriers could have been reached if the settlement efforts had been pursued more vigorously. It is important to note that no actual offer was ever made by or on behalf of Kuoppamaki to settle for less than the $1,500,000 eventual settlement. Thus, the district court was asked to assess the possibility of settlement, and the amount of any settlement, from testimony of what various parties would have done had certain circumstances occurred at various times. The court carefully analyzed this testimony and found it entirely too speculative. The reasons specified in detail by the district court in the transcript of the summary judgment hearing are sound. The district court summarized its findings as follows:
 
 
 5
 At the heart of the claim is the unstated contention that the defense side should have recognized the true settlement value of the Kuoppamaki case before plaintiff's counsel did and taken advantage of that edge by achieving a lower settlement.
 
 
 6
 But no one knew the accurate settlement value until shortly before trial, and to hold CIGNA liable on damages would be to rely on speculation rather than on genuine proof of causation.
 
 
 7
 We will not reverse if the district court's account of the evidence is plausible in light of the entire record. Service Employees Int'l Union v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.), cert. denied, 112 S.Ct. 3056 (1992). The record indicates that several witnesses gave conflicting statements depending upon to whom they gave the statement. The record also demonstrates that Kuoppamaki consulted a financial planner before accepting Indiana's $1,500,000 offer. Moreover, the record does not demonstrate that Delta Tau Delta would not have objected to an early settlement offer. Although Indiana's representatives testified that they would have contributed to an early settlement, the district court was entitled to consider the testimony as speculative because it was overtly self-serving and made in hindsight. We conclude that the district court did not clearly err in finding that the proof of causation was "too speculative."
 
 
 8
 We have considered Indiana's other contentions and find them unpersuasive. Accordingly, we affirm the judgment of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3